IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MILAUDI KARBOAU,                )
                                )    3: 11-cv-00274-JO
        Petitioner,             )
                                )
    v.                          )
                                )    OPINION AND ORDER
JOHN R. KROGER and ERIC H.      )
HOLDER,                         )
                                )
        Respondent.             )

    Milaudi Karboau
    7582 SW Hunziker Street, Apt. #50
    Tigard, Oregon 97223

        Petitioner Pro Se

    Ellen F. Rosenblum
    Attorney General
    Nick M. Kallstrom
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his convictions and sentence for theft, theft by receiving and identity theft. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [11] is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On February 12, 2002, the Multnomah County Grand Jury returned an indictment (Case No. 02-02-30995) charging petitioner with six counts of Theft in the First Degree by Receiving, one count of Theft in the Third Degree, one count of Attempted Theft in the First Degree and one count of Identity Theft. Respondent's Exhibit 102.[1] Following a consolidated bench trial, petitioner was convicted on four counts of Theft in the First Degree, two counts of Aggravated Theft in the First Degree, six counts of Theft by Receiving and one county of Identity Theft. The sentencing court imposed a sentence totaling 78 months. Respondent's Exhibit 101.

---

[1] On May 9, 2002, the Multnomah County Grand Jury returned a second indictment (Case No. 02-05-32939) charging petitioner with two counts of Aggravated Theft in the First Degree, five counts of Theft in the First Degree and nine counts of Identity Theft. Respondent's Exhibit 103, ER 3-5. Both cases were consolidated for trial and appeal. In the second case, the state dismissed one count of Theft in the First Degree and one count of Identity Theft and the trial court acquitted petitioner on the remaining eight counts of Identity Theft. *Id.* at 4-5.

2 - OPINION AND ORDER

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court denied review. *State v. Karboau*, 196 Or. App. 787, 106 P.3d 699 (2004) *rev. denied*, 340 Or. 18, 128 P.3d 1122 (2006); Respondent's Exhibits 103-108.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. *Karboau v. Belleque*, Marion County Circuit Court Case No. 06C21701. On appeal, the Oregon Court of Appeals affirmed the PCR court without written opinion, and the Oregon Supreme Court denied review. *Karboau v. Belleque*, 238 Or. App. 580, 245 P.3d 183 (2010), *rev. denied*, 349 Or. 601, 248 P.3d 419 (2011); Respondent's Exhibits 141-145.

On March 3, 2011, petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

1. Ineffective assistance of trial counsel when she:

    (a) Failed to maintain adequate contact with petitioner;

    (b) Failed to investigate police abuse of authority, police conspiracy against petitioner and police retaliation;

    (c) Failed to contact, investigate and subpoena witnesses;

    (d) Failed to object to the illegal search and seizure and unlawful arrest of petitioner on April 2, 2002;

    (e) Failed to timely provide petitioner with a copy of of the police report; and

3 - OPINION AND ORDER

  (f) Forced petitioner to attend a judge conference when petitioner refused to accept a plea bargain.

2. Illegal search and seizure of February 4, 2002;

3. Illegal search and seizure of February 6, 2002;

4. Illegal search and seizure and false arrest of April 2, 2002; and

5. Malicious prosecution and unlawful conviction

  Supporting Facts: Petitioner was maliciously prosecuted and convicted based on the instigation of his neighbors and their Portland Police Bureau Sergeant [son] and [petitioner] was denied equal protection and a fair and [impartial] trial.

Respondent asks the Court to deny relief on the Amended Petition on the basis that all grounds for relief are procedurally defaulted and the default is not excused and petitioner's Fourth Amendment search and seizure claims (Grounds Two through Four) are not cognizable in this habeas proceeding.

## DISCUSSION

### Exhaustion and Procedural Default

 I. **Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the

4 - OPINION AND ORDER

state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

II. **Analysis**.

As noted above, respondent contends petitioner failed to present any of his claims to the state courts in a procedural

5 - OPINION AND ORDER

context in which their merit was considered. Response to Amended Petition [29] at 1.

In response, petitioner contends that he specifically directed his direct appellate counsel to raise the claims set forth above in Grounds Two through Five on direct appeal, but that counsel refused. Moreover, he asserts that he presented his claims to the Oregon Court of Appeals in a *pro se* supplemental brief, but that that court rejected his brief because he was represented by counsel. Supporting Memorandum [43] at pp. 4-5. With regard to his post-conviction claims, petitioner maintains that he timely appealed the PCR court's denial of relief, "assigning all errors that have been raised in the PCR and that should have been raised in his direct appeal Court by [direct appellate counsel] arguing that appellate counsel was inadequate because he did not assign errors to the trial court's denial of petitioner's motions to suppress." *Id.* at 5.

Alternatively, petitioner suggests that he has demonstrated cause and prejudice to excuse any procedural default due to his direct appellate and PCR appellate counsel's ineffectiveness in failing to present his federal claims in state court and that he has proven his convictions resulted in a fundamental miscarriage of justice because he is actually innocent. *Id.* at 7 & 10.

///
///

6 - OPINION AND ORDER

A. **Direct Appeal**

Petitioner raised one claim on direct appeal alleging the trial court erred when it failed to engage in a colloquy with petitioner about his reasons for requesting new counsel and failed to adequately develop the record in that regard. Respondent's Exhibit 103 at 2 & 5. While petitioner did file a supplemental pro se petition for review with the Oregon Supreme Court, any additional claims raised in that supplemental brief were not reviewable by the state high court because they had not been properly raised before the Oregon Court of Appeals. *See* ORAP 5.45(1).

Accordingly, the trial court error claims set forth above in Grounds Two through Five of the Amended Petition were not fairly presented to the Oregon courts and are now procedurally defaulted.

B. **PCR Proceedings in State Court**

In his PCR petition, petitioner raised numerous claims of ineffective assistance of trial and direct appellate counsel, including some of the ineffective assistance of trial counsel claims set forth above in Ground One. Respondent's Exhibit 109. However, on appeal, he raised just one claim: "Did the court below err in failing to find that petitioner was denied his constitutional right to adequate and effective assistance of appellate counsel?" Respondent's Exhibit 141 at 3. This ineffective assistance of direct appellate counsel claim was the

7 - OPINION AND ORDER

only post-conviction claim presented to the Oregon Court of Appeals in a procedural context in which its merit would be considered. See *Castille*, 489 U.S. 346, 351 (1989).[2]

Accordingly, none of the ineffective assistance of trial counsel claims set forth in Ground One above was fairly presented to the Oregon Courts and these claims are now procedurally defaulted.

### C. Exceptions to Procedural Default

As noted above, to overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989)(citations omitted). Cause to excuse procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at 753; *Murray*, 477 U.S. at 488. The prejudice that is required as part of the showing of cause and prejudice to overcome procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d

---

[2] The Court notes that the Oregon Court of Appeals granted petitioner leave to file a five page pro se supplemental brief during the PCR appeal proceedings. However, petitioner filed at least two motions for reconsideration and apparently was unable to comply with the court's page restrictions. No supplemental brief was ever considered by the Oregon Court of Appeals. See Petition [2], Exhibits 13-20.

8 - OPINION AND ORDER

613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

### 1. Cause and Prejudice

As noted above, petitioner suggests any default of the trial court error claims set forth in Ground Two through Five should be excused because his direct appellate counsel rendered ineffective assistance when he failed to raise these claims on appeal. Ineffective assistance of counsel may satisfy the cause requirement to overcome procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent ineffective assistance claim, itself, must first be exhausted in state court. *Id.* at 488-89; *see Park v. California*, 202 F.3d 1146, 1155 (9th Cir. 2000).

#### a. Malicious Prosecution (Ground Five)

Petitioner did not raise any claim faulting appellate counsel with failing to raise a claim of malicious prosecution and unlawful conviction (Ground Five). Accordingly, he cannot demonstrate cause and prejudice to excuse the default of this claim.

#### b. Illegal Search and Seizure (Grounds Two through Four)

Petitioner did exhaust claims that his direct appellate counsel rendered ineffective assistance for failing to assign as error the trial court's denial of his motions to suppress evidence.

9 - OPINION AND ORDER

Even assuming this constitutes sufficient cause to excuse the default of petitioner's Fourth Amendment claims (Grounds Two through Four), however, if the State permitted an opportunity for full and fair litigation of these claims, petitioner may not pursue habeas corpus relief on claims involving allegations that evidence obtained in an unconstitutional search and seizure should have been excluded from his trial. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).

At trial, petitioner moved to suppress evidence obtained during searches of his residence on February 4, 2002, February 6, 2002 and April 2, 2002 primarily on the basis his wife did not voluntarily consent to the searches. In denying his motions, the trial court stated:[3]

> THE COURT: Well, it is an issue of credibility. The three police officers, one uniformed officer and two other police officers, and Officer Glass was the third officer on the second approach, all seemed to me to be very credible and what they said made sense -- for example, Officer Glass testifying that the consent form was signed first, and only after they were able to load additional property and make out the property receipts and hand them to Mrs. Karboau did they do that. Mrs. Karboau said they came at the same time, she didn't understand what she was signing, and that and a lot of her own testimony about documents that she didn't understand and a letter that she generated, whether she actually wrote it or not, that she didn't understand, I find frankly quite incredible.

---

[3] The Court notes that several witnesses testified at the suppression hearing and the transcript of those proceedings spans approximately 125 pages, including seven pages detailing the trial court's ruling.

10 - OPINION AND ORDER

> And I contrast that with the police officers' testimony, each of them who indicated that she was incredibly cooperative, more so than you would expect, and I think Mrs. Karboau gave us some indications of her understanding of whether or not the police needed to search through her testimony. She understood that the officer, if not allowed to search, would write a warrant. At that point she said she didn't want her house ransacked or anything like that, or wasn't -- didn't understand what a warrant was all about, but she certainly understood that she could refuse consent at that point because the officer obviously if she didn't consent was not going to go in. She knew that and stated that. She just didn't want him writing a warrant.
>
> And then she said a couple of other things that dropped some critical hints about her credibility. She said she didn't feel free to leave, she had to sit down, she couldn't even turn her heat on, but she did turn her heat on, and the officer let her do that. But one of the things I found quite indicative of her frame of mind is that the officer asked if he could search the bedroom, she said no, and he didn't search it. So she clearly knew she could say no and they wouldn't search. That's by her own testimony.
>
> * * *
>
> Well, I think there's more than a preponderance of the evidence that the consent was freely and voluntarily given, her will was not overborne, she in fact limited consent at one point and the officers adhered to that. The officers' testimony was very credible, and there is a signed consent to search, albeit on the second search, but her cooperation was more than this Court has seen over the years in somebody who is giving consent to search. Usually they just kind of stand back, and she was so helpful, she -- when they mentioned certain items, she knew where they were and took him to them, without anything further.

Transcript of Proceedings [32], Defendants' Exhibit 116, pp. 128-132.

Also relevant to the question of whether petitioner had a full and fair opportunity to litigate his Fourth Amendment claims is the

11 - OPINION AND ORDER

extent to which they were considered by the state appellate courts. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-79 (1990); *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981). Here, while the Fourth Amendment claims (Grounds Two through Four) were not raised on direct appeal, the underlying arguments challenging the trial court's denial of the motions to suppress were extensively briefed for the Oregon appellate court's review in the context of the aforementioned ineffective assistance of direct appellate counsel claims. See Respondent's Exhibits 140 & 141.

Thus, on the record before the Court it is clear that petitioner received and took advantage of the full and fair opportunity to litigate his Fourth Amendment claims in the Oregon courts. These claims are therefore barred by *Stone* and are not cognizable on federal habeas review. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990).

        c.    **Ineffective Assistance of Trial Counsel Claims (Ground One)**

Petitioner also contends any procedural default of his Ground One ineffective assistance of trial counsel claims should be excused due to the ineffective assistance of PCR appellate counsel. The Court rejects petitioner's argument on the basis ineffective assistance of PCR appellate counsel cannot constitute cause to excuse a procedural default. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012)(declining to extend the "narrow exception" to the rule

12 - OPINION AND ORDER

in *Coleman v. Thompson*, 501 U.S. 722 (1991), that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default, to reach "attorney errors in other kinds of proceedings [beyond initial collateral proceedings where ineffective assistance of trial counsel claims were raised for the first time], including appeals from the initial review collateral proceedings.").

### 2. Actual Innocence

To satisfy the so-called actual innocence exception to procedural default, a petitioner must demonstrate that the federal habeas court's failure to consider his defaulted claims will result in a fundamental miscarriage of justice. To prove "fundamental miscarriage of justice," a petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

13 - OPINION AND ORDER

Here, petitioner asserts that he is actually innocent of his offenses of conviction. However, none of the "evidence" submitted by petitioner in support of his Amended Petition, constitutes the kind of new reliable evidence described in *Schlup*.

## CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus [11] is DENIED, and this case is DISMISSED, with prejudice. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this 18th day of April, 2013.

                                     Robert E. Jones
                                     United States District Judge